The next case on the calendar is Bank v. Alliance Health Networks. Good morning. May it please the Court. I'm Todd Bank, the Plaintiff Appellant Pro Se in this case. The primary question is whether the voluntary relinquishment of a named plaintiff's individual claims thereby precludes the litigation of the class claims. Well, the posture of a putative class action is exactly the same whether the plaintiff's claims were relinquished voluntarily or involuntarily as recognized by at least five circuit courts. So this case, if I understand it, had been pending for nine months, and yet during that time you never moved for class certification. That was because of the motion practice. I don't recall 100 percent, but I don't think we even started discovery. So I don't—and there's been—I'm quite certain there's been no charge by the defendant that I had engaged in undue delay in seeking certification. No, but the question is whether you had time to do it for the one exception that we have recognized—well, one exception that we have recognized to the mootness when you have been paid. The answer is no, because we didn't do discovery, so I could have made an inadequate motion, but it's my burden in moving for certification to prove—not prove, but— What puzzles me is not only that you didn't try to get class certification, but also that in your argument you don't argue the picking off notion because at least the Ninth Circuit has read the exception more broadly where there is a picking off. And I don't know if there was a picking off or not, but you didn't argue that. If you had argued that where they're picking off, we should read that more broadly, then your case would seem stronger. But you never make that argument. Well, with all due respect, I didn't think that was necessary because— Well, I know you didn't think it was necessary, and if you're right, you win anyway. But what I mean is— But it would have helped if— What I mean, Judge, is that it was obvious that regardless of the defendant's intent, it was obvious that the defendant hoped—that's why we're here today—that I would be picked off. That's why we're only arguing here about the class claims. That's the whole point of the dispute. That's a specific doctrine which allows consideration in cases where somebody has been paid off of a class claim. But you chose not to make focus on that because you decided to focus on this question of whether you are getting extra money or you would get extra money as a representative. Now, you have a perfect right to focus on that, and if that's a good argument, that's fine. But if you focus on that, you really have way forfeited, actually, the previous one. I know you're pro se. You're a lawyer, so we don't give you any— No, and I don't ask for that. But I respectfully disagree because the case law deals with the effect of an offer of judgment in a case where that offer moots the class claims. That's why we're here. So do I know what was going on in the defendant's mind when they made the offer? I obviously don't know that in a literal sense. But the point is—the very point, excuse me, that we're here is because the question is, are the class claims moot or do they remain justiciable? So to have to argue that I would otherwise—that if the class claims can't be litigated, there would be a picking off. To me, it was—frankly, if I may say so, with no disrespect intended, it was too obvious to state. That's all the background case law. And if I had argued that they're trying to pick me off, I don't think the defendant would say no. They might say no, but the class claims are no longer justiciable, which is the exact same thing. So I'm just—I'm not sure what benefit there would have been. I mean, again, there was no discovery, so I didn't have a chance to take a deposition and say, well, why did you make that offer of judgment? Were you trying to scuttle the class claims? Of course, that likely was the case. But whether that was the intention or not, that's why we're arguing here about whether the class claims survived or whether they were, in fact, picked off by the offer of judgment or by my payment of the check. So I don't think it was necessary to argue something that's inherent. Now, does it matter that you actually took the check and accepted the payment? In the Supreme Court's case in Campbell-Uwald, of course, there was none of that. Here there was a court order, which makes it different under our own case law. But even so, I suppose you could have left the check there, but you did put it in your pocket. Right. Again, I think the result is the same. It's the judgment—let's say I had the offer of judgment. Either it was forced upon me or I accepted it. But let's say in either case I didn't fight it. Well, that would relinquish my claims. You're not asking in a lawsuit. You're not asking for money directly. You're asking for a judgment. So once I have the judgment, assuming I'm not fighting it, which I'm not, I'm not fighting the judgment on my individual claims. Once I have the judgment, my claims are moved, whether I deposit the defendant's payment, whether I don't, whether I deposit some of it, and so on and so forth. The posture of the case is exactly the same. If I had held the check in a desk drawer, what would be any different? Again, provided that in either case I wouldn't be, and I'm not, fighting the judgment in my favor. So again, from my point of view, or I should say from the law's point of view, the status of my claim is the same. The class member's status hasn't changed. Their interests haven't changed. And also, it is reasonable, just like there was discussion in the briefs about why a plaintiff who settles or accepts an offer of judgment shouldn't be punished, well, why should I be punished for negotiating the check? It was a reasonable thing to do. If I didn't do that, again, assuming I didn't fight the judgment itself, then I would have to take the risks of enforcing the judgment. Which means I would have to spend time and perhaps money to enforce it, and might never get the money at all. Either I can't find it, there could be bankruptcy, and so on. So again, looking in the context, why punish the class members? Could you put the check in escrow? I suppose I could have, but again, as long as I'm not fighting the judgment. Oh, I understand. I see no difference. If you were representing the class and the case was not moved, then ultimately you would only be entitled to whatever the class as a whole received, which presumably would have been less than 100%. No. So you were taking money that belonged to the class. No. The money, no. I don't see it that way. That money was offered to me individually. It wasn't. You can't recover twice. You can't recover individually. No, no, of course. No, no, once. As part of the class. Of course not. No, no, I'm not looking to recover twice. The personal stake I have, as we discussed, is in the incentive award. No, of course. But again, whether I settled for my own claims for $1, for the exact amount that I was seeking on those claims, or for 100 times that amount, makes no difference. Of course I'm not seeking additional recovery. That's not in dispute. My claims have been relinquished. If you are not, Judge Rakoff's point is that this is money which would be part of what would go to the class, and this would be maybe your share, maybe more than, maybe less. It all depends on how much of a class is paid. So you have taken something that would be part of a class. Now, if you'd put it in escrow, then it would be in escrow for the class. And we're not talking about whether your claim is mooted. We're talking about whether you have, by taking this, removed things which are from the class. I don't see the connection between what I was paid or what I accepted or deposited and what the class members might be entitled to as being related. In other words, it's entirely unknown. If there's a class settlement, let's just say for argument's sake there's a class settlement, and the class members each get their maximum statutory damages of $1,500. Maybe I'm missing the point of your whole—I thought the thrust of your argument, when all is said and done, forgetting about the relation back, forgetting about picking off, is that what you really were bringing was a class action, not an individual action. But by cashing that check, you made clear that you regarded it as an individual action. No, not at all. Why not? Because all I did by cashing the check, which would be the same thing I would have done, and other circuits would recognize if, let's say, I had accepted an offer of judgment, and then presumably one who accepts an offer of judgment would also deposit a check payment. All I've done is moot my own claims, which in some respects is in the interest of the class members. I avoid the risk of trial. What if I went to trial and lost? It's in the class— I'm not quite sure I follow you. If you moot your own claim, then who's the class representative? No, I was saying if I were to lose the claim. But, again, the point is I can—I mean, numerous circuits have held in district courts and this court that when a plaintiff's individual claim is mooted, unless there has been undue delay in seeking certification, the class claims remain justiciable. But that is separate from the question of whether that when the court judgment was made, at which point the danger you had foreseen wouldn't be there, or whether a check was given to you, again, about whether they would be able to pay later, that is different from the question of whether then you put that money in your pocket or you put it in escrow, for instance, for the class. I mean, that's a separate question. But I don't see that— Whether at that point you were doing something which is inconsistent with being the class's representative. That's a separate question from whether you wanted to get to that point so as not to get a negative judgment or any of that. I don't see how it's inconsistent. I'm asking for a judgment on both my individual claims and the class claims. So let's suppose I got a judgment just on the individual claims. Forget any payment. I don't see why those two scenarios are any different. It's not as if the defendant said, okay, we have this finite amount of money for the class and Todd Banks claims are worth, let's say, $3,000, and we're going to pay him $3,000 or less or more, as the case was, a little bit more. And therefore, we're going to have less for the class. It's unknown, but in general, a plaintiff can settle his—they made the offer. I guess I could have asked them to send me two different checks, one for the exact amount of statutory damages and one for the surplus, if you will. But again, I don't see how accepting the payment is inconsistent or any more inconsistent with any obligation I have to my fellow class members versus if I had just accepted a judgment. The judgment and the payment are really inseparable. Why would I—if I could accept the judgment, how does it make sense, and I don't think there's any case law on this, saying that a plaintiff who accepts an offer of judgment thereby has an obligation either not to accept a payment, which I assume in a normal case when the offer of judgment is accepted, a payment would follow that. I have not seen any case law that says anything about not accepting the check, accepting some lesser amount, putting it in escrow. The point is regardless of the negotiation of the defendant's payment, my individual claims, and I'm not disputing this, have been relinquished voluntarily. Again, why should the class members who, at least theoretically, are depending for their recoveries on the outcome of this action, why should they—forget me for a second—why should they be punished? I don't see the rationale why the class member says, oh, they settled with Todd Banks' claim or his individual claim, and therefore if this case is dismissed, if the class claims are dismissed, not only are the class members being in effect punished by having either no recovery or a delayed recovery, but with respect to the latter, to a delayed recovery, now they'll have to bring their own individual lawsuits. Well, the whole purpose of a class action is for judicial efficiency and to encourage people like me to bring cases like this because for most people it's not very practical. The average non-lawyer is— Okay, of course, I know you do. You've reserved three minutes rebuttal time. Do you want to continue to reserve it or use it now? I will reserve it. Thank you, Your Honor. Thank you for the extra time already. May it please the Court. Christine Riley appearing on behalf of Alliance Health Networks in the appellees. I want to start with a question that Judge Calabresi asked, and the question was, does it matter that Mr. Bank cashed the check? And the answer is, it absolutely does matter that he cashed the check in this case. There was a judgment that was entered giving Mr. Bank full relief on his claim. He knew the case had been entirely dismissed, yet he decided to cash that check. This case is unlike any other Rule 68 case. It is very, very different from the other cases that are pending because there is a voluntary settlement of his claim. There has been an inherent recognition— Would you view it differently if he had put it in escrow? I think certainly— In other words, if he had cashed the check, because he doesn't trust you not to cancel the check if he just keeps it there, but he puts it in escrow for the class. I think if he had put it into escrow, that certainly would have perhaps changed this case slightly, but I don't think we'd get to a different result. And the reason we wouldn't get to a different result is that the binding case law in this circuit, under Tenassi, says that even if Mr. Bank had decided not to cash this check and that it was an unaccepted offer, that could still moot the case and moot his claims. In Tenassi's— I know that that's what we have said in Tenassi, and in Comer we said something which adds to that, but should we reconsider these in the light of Campbell-Uwald, which doesn't undercut these but might suggest a reconsideration? It's a great point. I don't think that Campbell-Uwald changes this case in any respect, and I actually don't think it's directly on point. In Campbell-Uwald, the issue there was whether an unaccepted offer can moot an individual claim, and that is the question that the Court looked at and found that the answer to that question is not on an offer alone. Here, Mr. Bank not only received an offer, he actually received money. Not only did he receive money, but then he then cashed that check and put it into his pocket, therefore removing this case from having any standing or having any class claims. The Supreme Court in Campbell-Uwald left all those questions open, and in leaving them open, they surely did not decide them, but they may have suggested that that's a question that they are interested in that could lead us to reconsider, to say we had decided before the Supreme Court had hinted. We're not bound by anything, and we do have case law which goes the other way, but should we reconsider it in the light of Campbell-Uwald? You're correct, Your Honor, that the Campbell-Uwald Court did not reach the question on the class claims. You're correct. And you are also correct that in this circuit, there is case law that says that if the claims of the named plaintiffs become moot prior to class certification, the entire case becomes moot. And I do not think that there's anything in this case that warrants a departure from well-established case law. And it's not just one case. It's the Comer case. It's also the Martin case in which Your Honor was a member of in which now— I might have been wrong. You were not wrong. A named representative must have standing at the time of class certification. We don't even get to that question here because no motion for class certification was filed. On a different question, and this may not be part of the record. I don't know. So on the merits, did you—was it your position or did you ever take a position as to whether there had been robocalling? We did not reach the merits of the case, Your Honor. Is your client still engaging in robocalling? I do not believe our client is engaging in any robocalling or any violation of the TCPA. But you didn't believe that they were before when you settled because you didn't admit that. We never made any admission whatsoever of liability. You settled to get rid of the case and the class action. So isn't that picking off? In some ways, it might be considered picking off by some courts, except I think the point that you made earlier was— Like the Ninth Circuit. That is, the Ninth Circuit in Pitts and then in Chen suggested that where there is picking off, something of this sort, that then the relation back doctrine should be interpreted broadly. Now, isn't that something that we should pay attention to, even if it is the Ninth Circuit? I do not think you should be paying attention to the Ninth Circuit. And, in fact, the case law in the— Is that a generic statement or a specific one to you? The Ninth Circuit has been known to get things right, even when the Second Circuit maybe rarely gets things wrong. The Second Circuit clearly has the better view on this issue. And, in fact, the Second Circuit has historically and is pretty well established that the Second Circuit doesn't look at these issues in the same way. And I believe you're right, Your Honor, to the extent that there isn't even a picking off. Judge Rakoff is suggesting there are some other issues before the Second and Ninth that the Supreme Court may be leading more towards withdrawing. It's possible. It's possible. We may be wandering beyond the bounds of this case. We may be. So you would say that Chen is not relevant here because, in Chen, there was no check cashed, one way of distinguishing Chen. Yes, that is one way of distinguishing. Even if we were otherwise inclined to look at Ninth Circuit precedent on this question. Absolutely correct. Not only is Chen inapplicable because the facts are different and there's no voluntary settlement, but it also is a departure from established precedent in this circuit. You began very strongly on the fact that this was a cash check and that that makes this case different from any of the others and that, therefore, we don't need to worry about whether the Ninth Circuit is there, whether we want to continue following our precedent, whether Campbell Hewitt, you're just saying that makes this case different. Absolutely, I think that makes this case different. And I think, unlike the other cases that have been pending, including ones that are before the circuit, that issue of the voluntary settlement makes this a much cleaner and more straightforward application of Rule 68. Now, if we were to go on that ground and agree with you, we don't have any direct law on that in point, do we, so that this would require an opinion, wouldn't it, if we were to go on that ground? I'm sorry, on which ground? On the ground that there was a cashing of the check. Yes. There is no specific law on that. Opposing counsel has said you've seen no law. Can you cite us some law which says that the cashing of a check makes a difference, or is that something that, since there is no case law, an opinion would have to be written? There is no direct decision in the Second Circuit that addresses that particular issue, but there is guidance from the Supreme Court on that particular issue. In fact, if you look at the Roper and the Garrity decisions, which Mr. Banks cites, those cases involve the denial of class certification. The defendant offered complete relief, but the named representatives refused to take it. The Supreme Court goes through pains in both of those cases to specifically say, this is not a case where a plaintiff has voluntarily settled their claims. They distinguish it on that basis. There's also, even though plaintiffs have been able to have standing, even when their individual claims are moot, there is a limited exception about allowing that plaintiff to appeal class certification. There is something analogous in the Sixth Circuit, the Montgomery case. The Sixth Circuit says, well, even if your claims are moot, and even if you're allowed to appeal your class certification decision under Roper or Garrity, you voluntarily settled this case. You don't get to appeal class certification. And I think more telling, there is discussion of this point from Justice Kagan, and we all know that Justice Kagan has been pretty hostile to Rule 68 offers, but she said this in Genesis. Now, introduce a settlement offer into the picture. Assume that before the court finally decides whether to permit a collective action, the defendant proposes to pay Smith the value of her individual claim in exchange for her abandonment of the entire litigation. If Smith agrees, of course, all is over. Like any plaintiff, she can assent to a settlement ending her suit. And I'd submit to the court that this is really no different here. Mr. Bank was given a check after a judgment in this case and satisfied that judgment. And by doing so, he ended this lawsuit not only on his individual claims, but on his class claims as well. And if I might make one other comment, there are the decisions of the cases of Larry and Zokdok that are pending before the Second Circuit, and I'd submit that this court does not need to wait for those decisions because they are very different from the case here. Those cases do not involve voluntary settlements, and they have very different factual circumstances. Thank you. First of all, the D.C. Circuit, the 4th, 8th, 9th, and 11th, have all said that a named plaintiff who voluntarily dismisses or withdraws, settles, his individual claims and not the class claims may continue to pursue the class claims. Justice Kagan was not addressing that situation. She was just making the general point that, yes, of course, I could have settled this entire case. Of course, I could have entered into a settlement agreement saying— Those were cases where there either had been a class certification or a motion for class certification, yes? I don't know if all of them were, but if they were, again, the relation— It's a different question then. The question is whether someone whose individual claim has been settled can still adequately represent the class. That's not the question presented here, whether there never was class certification or even a motion for class. Well, if there was a denial of certification, then there's still no class yet. So I'm in the same—this case is in the same posture as if certification had been argued in the district court and denied. Why do you say that? Because in either— That denial may be incorrect. Of course. It may be appealable. Of course. But we still have an issue. But where something hasn't been brought, there is no class. Well, wait. But, again, that goes to the relation back doctrine, which is that a named plaintiff whose claims are moot, whose claims become moot, may subsequently seek class certification unless there's been undue delay. I mean district courts throughout this circuit have held that. I believe other circuit courts have held the same. The Third Circuit, I know, has, and so on. And, again, there's been no charge that there's been undue delay. We've had no discovery. Just a couple more brief points. Again, I think this case is equivalent to some of the Ninth Circuit cases and others. It's as if it were a voluntary settlement. There's no difference between whether there was a judgment and then a deposit of the check versus a voluntary settlement, and that's what happened in the—I don't know how to pronounce it, but NARUZ, N-A-R-U-Z, in the Ninth Circuit. There was a voluntary settlement that preserved the class claims. I don't believe the court addressed the question of whether the named plaintiff deposited a payment, but most likely he probably did. When parties settle claims, usually there's a payment that follows. The court didn't even think to address the issue, probably because the court realized that it wasn't relevant. Again, whether I—there's no difference in whether my claims are no more or less moot. The court doesn't address an issue generally unless it's raised it. And— Of course. We can assume that in that case it wasn't raised. That might well have been. As you heard opposing counsel, she raised it at the beginning and at the end and in the middle of her argument. Absolutely. And below. Absolutely. And again, I just don't think—I don't see how it makes any difference in whether I deposit the payment or not. The status of my claims? They're moot. And they're not more moot or less moot based on whether I deposited the check. And then just last but not least, in terms of the relation backdodged from my colleague who cited Genesis Healthcare, but as the vast majority of courts to have addressed the issue have held, including the only circuit courts that have addressed the issue as far as I'm aware, have held that that case was specifically applicable only to the Fair Labor Standards Act and not Rule 23 class actions. So if there are no questions, I'll rest on that. Thank you. Thank you very much. We will take it under advisement. As I said at the outset, the other cases on the calendar this morning are on submission, so I'll ask the clerk to adjourn court. Court is standing adjourned.